### HARDIN, ESTATE OF, In re

Ohio Appeals, 2nd District, Franklin County.

No. 3421. Decided March 2nd, 1942.

David A. Peiros, Columbus, David T. Keating, Columbus, for petitioner-appellee.

Forrest R. Detrick, Columbus, for Carrie M. Baker, exrx.-appellant.

Frank H. Ward, Columbus, for New England Lodge No. 4, F. & A. M., H. W. Wright Chapter No. 226, Residuary Legatees, appellants.

### OPINION

By HORNBECK, J.

The cause is submitted on motion to dismiss the appeal for the reason that the motion for a new trial and the notice of appeal were not filed within the time required by law, and in the alternative, if the motion be overruled, the appeal is to be submitted upon the merits.

The gist of the argument on behalf of the motion is that the decision of the Court was rendered on June 19, 1941, and the motion for new trial not filed until July 2, 1941. In this situation it is asserted that under §12223-7 GC it is contemplated that the time for filing the notice of appeal begins after the action on a motion for a new trial which has been duly filed within three days after a verdict or decision.

It is stated that the decision was rendered on June 19th and, if this conclusion is correct the motion for new trial, having been filed more than three days after the decision, was not within time. The difficulty with the claim of the mover is that the decision of the trial judge did not become the action of the Court until it was carried into a journal entry which was done of date July 2, 1941. It is not necessary to cite authorities to support the well recognized principle that a Court speaks only through its journal entries. Upon

the record the decision of the Court, which also carried the judgment, was the entry of date July 2, 1941, allowing reinstatement of the claim of appellee. The motion for new trial was filed the same day and overruled on the 23rd of July. The notice of appeal filed on August 6, 1941, was within time under the statute, assuming that a motion for new trial was appropriate. This question is not raised by the motion.

The motion to dismiss will be overruled.

Upon the merits the appeal is on questions of law from an order of the Probate Judge permitting appellee to file with the executrix of the estate of John F. Hardin, deceased, a claim of appellee against decedent's estate for allowance, the statutory time within which to file said claim without permission of the Court having elapsed.

The section under which appellee instituted her proceeding is **10509-134 GC**, and the sole question presented to the trial judge and under review here is whether or not the appellee, the petitioner, was chargeable with culpable neglect in failing to present her claim against the Hardin estate within the period allotted to her as a matter of right.

The only testimony on the subject is that which appears from the direct and cross-examination of appellee. Without attempting to set forth her testimony, which we have read, suffice it to say, that the explanation which she makes for the failure to file her claim earlier is that she lived at Steubenville, 150 miles from Columbus; that Mr. Hardin was a man in his early fifties when he died in 1941; that when she saw him in 1939 he was in good health and that she did not know of his death or had not heard of any illness until after the time had elapsed within which she could properly have filed her claim. She explains that she had reason to believe that he would make provision for her in his will. and that within a week after she learned of his death she came to Columbus and to the Court House and examined his will, and thereafter took appropriate steps to bring her claim to the attention of the executrix. The theory of the appellant is that under all the facts and circumstances appearing, notwithstanding the express statements of appellee she clearly was culpably negligent in not acting more promptly.

The question before us must be resolved· upon the application of the simple rule which controls our action in reviewing a judgment on the weight of the evidence. This rule is that the determination of the judge, jury or tribunal who has the primary obligation to determine disputed facts, will not be disturbed unless such determination is manifestly against the weight of the evidence. And further, that such fact-finding tribunal may determine the credibility of witnesses and the weight of their testimony.

We have not the slightest hesitancy in saying that the Probate Judge was well within his rights in holding that upon the evidence before him, it did not appear that the petitioner was culpably negligent in failing to present her claim to the executrix of the Hardin estate within the four months period after the appointment of said executrix.

The Judgment will be affirmed.

GEIGER, PJ., & BARNES, J., concurring.